IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TADDARYL REW                                                             PETITIONER

VS.                                          CIVIL ACTION NO. 4:12cv16-DPJ-FKB

GABRIEL WALKER                                          RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for federal habeas relief pursuant to 28 U.S.C. § 2254. Presently before the Court is the motion of Respondent pursuant to 28 U.S.C. § 2244(d) seeking dismissal of the petition as untimely. Petitioner has not responded to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Taddaryl Rew was tried and convicted in the Circuit Court of Lauderdale County, Mississippi, of burglary of a dwelling (Count 1), kidnaping (Counts 2 and 3), and possession of a firearm by a felon (Count 4). He was sentenced as a habitual offender to ten years each on Counts 1, 2, and 3, and one year on Count 4, with the sentence for Count 1 to run consecutive to the sentences for all other counts, the sentences for Counts 2 and 3 to run concurrently with one another and consecutive to the other sentences, and the sentence for Count 4 to run consecutive to the other sentences. His convictions and sentences were affirmed by the Mississippi Court of Appeals on July 20, 2010. *Rew v. State*, 40 So. 3d 646 (Miss. Ct. App. 2010). Although Rew sought and was granted an extension through August 17, 2010, in which to seek a rehearing, he failed to file a petition for rehearing. On July 14, 2011, Rew filed in the Mississippi Supreme Court an

application for leave to proceed in the trial court with a motion for post-conviction relief; that application was denied on November, 30, 2011. Rew filed his § 2254 petition with this Court on or after January 24, 2012.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Rew's' petition was "filed" sometime between the date it was signed, January 24, 2012, and the date it was received and filed by the district court, January 31, 2012.

2

28 U.S.C. § 2244(d).  Rew's judgment became final upon the expiration of his deadline for seeking further review, August 17, 2010.  He had one year from that date, or until August 17, 2011, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court.  Because Rew had a properly-filed PCR motion pending from July 14, 2011, through November 30, 2011, he is entitled pursuant to § 2244(d)(2) to 140 days of statutory tolling.  Thus, his one year expired on January 4, 2012 (one year from August 17, 2010, plus 140 days), and his habeas petition, filed on or after January 24, 2012, is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of December, 2012.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE